## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLIP WILLIAM GRAYSON,           )<br>                                                                )<br>              Appellant/Debtor,      )<br>                                                                )<br>       v.                                                    )<br>                                                                )<br>RONDA J. WINNECOUR,                 )<br>                                                                )<br>              Trustee,                              )<br>                                                                )<br>10 ZELT TRUST, WIL SANDERS,   )<br>                                                                )<br>              Appellees.                          ) | Civil Action No. 23-877<br>Judge Nora Barry Fischer |

### MEMORANDUM OPINION

I.     INTRODUCTION

Appellant Phillip William Grayson ("Grayson") appeals the Memorandum Order of the Honorable Carlota H. Bohm of the United States Bankruptcy Court for the Western District of Pennsylvania ("Bankruptcy Court") dated May 11, 2023.  (Docket No. 1).  In this ruling, the Bankruptcy Court held that Grayson's residence was not part of the bankruptcy estate because he had defaulted an installment land contract with Appellees 10 Zelt Trust et al. ("Trust") and the Trust had obtained a judgment for possession in state court prior to his filing for bankruptcy. (Docket No. 1-2 at 54-58).  The Bankruptcy Court thus denied Grayson's motion seeking to assume the contract and cure his default of same through his Chapter 13 Bankruptcy Plan and granted the Trust relief from the automatic stay so that it could pursue eviction proceedings in state court.   (*Id.*).  Grayson contends that the Bankruptcy Court erred in these determinations while the Trust asks that the Memorandum Order be affirmed.  (Docket Nos. 12; 14).  As the

1

appeal has been fully briefed, it is now ripe for disposition. (*Id.*). After careful consideration of the parties' arguments and for the following reasons, the Bankruptcy Court's Memorandum Order will be AFFIRMED.

II. BACKGROUND

As recounted by the Bankruptcy Court, the relevant facts are as follows:

> [Grayson] and the Trust [entered into an agreement] for [Grayson's] purchase of property located at 10 Zelt Street, Washington, Pennsylvania (the "Property") in February 2017. Although [Grayson] moved into the Property in February 2017, the full purchase price was not to be paid until later as the parties' agreement ("Installment Contract") called for payment in three installments with a closing contemplated on or around May 31, 2017. The first two out of the three payments were made by [Grayson]; however, the final payment of $72,000.00 was not. As such, the deed was not transferred though [Grayson] continues to reside at the Property.
>
> …
>
> There were two state court actions related to the Installment Contract and the Property prior to the bankruptcy filing. The Trust first commenced a breach of contract action resulting in a judgment in favor of the Trust with damages awarded in the amount of $74,525.00, which included the balance owed under the Installment Contract. It is undisputed that [Grayson] has not paid the judgment. Subsequently, the Trust filed an ejectment action against [Grayson] seeking possession of the Property. In that litigation, [Grayson] did not dispute that ejectment was warranted but rather sought a refund of the monies he remitted, and the Trust sought possession and agreed to "waive" any judgment from the prior lawsuit. *See* Trust's Exhibit D at 18. Ultimately, the state court rejected [Grayson's] arguments seeking a refund of the amounts paid and entered a judgment for possession in favor of the Trust. [Grayson] was unsuccessful in his appeal. *See* Trust's Exhibit E. [Grayson's] bankruptcy petition followed.

(Docket No. 1-2 at 55-56 (internal footnotes omitted)). The Bankruptcy Court further noted that

"the Trust has incurred ongoing and continuing expenses for the Property. All the while, [Grayson] has continued to reside at the Property for approximately six years." (*Id*. at 58, n.8).

In his Chapter 13 Bankruptcy Petition, Grayson admitted that he did not own legal title to the Property but asserted an equitable interest in same. (Docket No. 6 at 13). The parties filed dueling motions concerning Grayson's interest in the Property before the Bankruptcy Court. (Docket No. 1-2 at 3-50). To that end, the Trust argued that the state court judgment for possession terminated any equitable interest Grayson had in the Property and that his subsequent bankruptcy filing was too late to cure the default under 11 U.S.C. § 1322(c)(1) and binding Third Circuit precedent, i.e., *In re Peralta*, 48 F. 4th 178 (3d Cir. 2022). (*Id*. at 11-50). The Trust then sought relief from the automatic stay to execute its judgment for possession and evict him from the Property. (*Id*.). In his motion, Grayson asked the Bankruptcy Court to characterize the Installment Contract as an executory contract under 11 U.S.C. § 365 and permit him to cure his default through his Bankruptcy Plan pursuant to 11 U.S.C. § 1322(b)(3). (*Id*. at 3-10). While Grayson acknowledged that his equitable lien in the Property was terminated in the state court proceedings, he claimed that the state court judgments awarded the Trust damages for his breach of the Installment Contract and possession of the Property but did not specifically terminate the Installment Contract. (*Id*.).

The Bankruptcy Court conducted a hearing on May 4, 2023, at which time the parties presented evidence and oral argument from counsel as to the competing motions. (Docket No. 1-2 at 1-31). At the hearing, Grayson's counsel told the Bankruptcy Court that the dispositive issue was whether the Installment Contract could be characterized as an executory contract and conceded that if "there's no executory contract, the [Bankruptcy] Court has no choice, but to

3

follow the precedent" of the Third Circuit. (*Id*. at 29). He reasoned that the Installment Contract was executory because both parties had outstanding duties under same, i.e., Grayson has the duty to pay the outstanding balance and "when [the Trust is] paid in full, [it] has the duty to tender the deed." (*Id*. at 31).

On May 11, 2023, the Bankruptcy Court issued a Memorandum Order granting the Trust's motion for relief from the automatic stay. (Docket No. 1-2 at 54-58). The Bankruptcy Court found that Grayson's case was akin to *In re Peralta*, 48 F. 4th 178 (3d Cir. 2022), where the Court of Appeals held that land installment contracts are treated like mortgages under Pennsylvania law and that "if homeowners default on [an installment land contract], they can cure the default in bankruptcy –**but only until the seller gets a judgment of possession to evict them**." (*Id*. at 56 (quoting *In re Peralta*, 48 F.4th at 179) (emphasis in original)). The Bankruptcy Court noted that Grayson was provided multiple opportunities to distinguish *In re Peralta* but that he had offered no legal support for his arguments that the Installment Land Contract had survived the state court litigation nor that the Trust's acquisition of the money judgment for the remaining balance before seeking possession provided him with an ongoing equitable interest in the Property. (*Id*. at 56-57, n.6, n.7). Ultimately, the Bankruptcy Court held that Grayson was "attempting to use this Court to circumvent the judgment for possession entered in state court" and that the Trust should be granted relief from the automatic stay to enforce the judgment for possession because the Property was no longer part of the bankruptcy estate. (*Id*. at 57).

Grayson timely appealed to this Court. (Docket No. 1). The Trust initially moved to dismiss the appeal as frivolous but after accepting briefing from the parties, the Court denied the

motion on July 25, 2023, and directed that the appeal be briefed.[1]  (Docket Nos. 4; 7; 8; 10; 11; 13).  Grayson submitted his appellant brief on July 24, 2023, wherein he argues that the Bankruptcy Court erred by determining that:

    a) there was no executory contract between the parties;

    b) the executory contract should not be assumed as part of the bankruptcy estate;

    c) Grayson had no remaining interest in the Property despite paying two-thirds of the purchase price and a judgment for the balance had been obtained by the Trust; and,

    d) the automatic stay should be lifted when he had submitted a confirmed Chapter 13 Plan to pay the Trust $1,500/month until the balance was paid in full.

(Docket No. 12).  The Trust filed its appellee brief on August 20, 2023, wherein it maintains that the Bankruptcy Court's rulings should be affirmed because there is no executory contract between the parties and the automatic stay was appropriately lifted to permit enforcement of the judgment of possession.  (Docket No. 14).  Grayson declined to submit a reply, as permitted under the Federal Rules of Bankruptcy Procedure.  *See* Fed. R. Bankr. P. 8018(a)(3) ("The appellant may serve and file a reply brief within 14 days after the service of appellee's brief…").  Neither party has requested oral argument and the appeal is now ripe for disposition.

    III.    LEGAL STANDARD

This Court has appellate jurisdiction over final judgments, orders and decrees of a Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1), including orders lifting the automatic stay. *See In re Connors*, 497 F.3d 314, 318 (3d Cir. 2007).  "[T]he Bankruptcy Court's decision to

---

[1] The Chapter 13 Trustee, Ronda J. Winnecour, declined to file a brief because she did not take a position before the Bankruptcy Court on the disputed issues and likewise takes no position on this appeal.  (Docket No. 7 at ¶¶ 2-3).

grant relief from the automatic stay [is reviewed] for abuse of discretion." *In re Kajla*, 824 F. App'x 92, 94 (3d Cir. 2020) (citing *In re Meyers*, 491 F.3d 120, 125-28 (3d Cir. 2007)). The Court otherwise reviews the Bankruptcy Court's findings of fact under a clearly erroneous standard and its conclusions of law under a *de novo* standard. *In re SubMicron Sys. Corp.*, 432 F.3d 448, 454 (3d Cir. 2006).

IV.   DISCUSSION

While Grayson presents several issues on appeal, the central issue in this case is whether the Bankruptcy Court appropriately exercised its discretion to grant the Trust's motion to lift the automatic stay. (Docket No. 12). The Trust asks that the Bankruptcy Court be affirmed as Grayson's right to cure his default was terminated by the entry of the judgment of possession in state court in light of *In re Peralta*. (Docket No. 14). Grayson attempts to avoid *In re Peralta* by arguing that the Installment Contract should be characterized as an executory contract under 11 U.S.C. § 365(a) and that he should be permitted to assume it and cure his default through 11 U.S.C. § 1322(b)(3). (Docket No. 12). Having carefully considered the parties' positions, the Court finds that the Bankruptcy Court did not abuse its discretion in granting the Trust relief from the automatic stay to enforce its judgment for possession in state court and did not err in denying Grayson's competing motion. *See In re Kajla*, 824 F. App'x at 94.

A debtor who files for bankruptcy under the Bankruptcy Code is provided with protection from his creditors in the form of an "automatic stay" on the collection of his debts, including, among other things, state court actions for eviction or to enforce a judgment for possession of real property. *See generally* 11 U.S.C. § 362(a). Section 362(d)(1) of the Bankruptcy Code states that a Bankruptcy Court may grant a creditor relief from the automatic state "for cause."

11 U.S.C. § 362(d)(1). "Section 362(d)(1) does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case." *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997).  With that said, Courts have held that cause exists to grant creditors relief from the automatic stay to pursue eviction proceedings when the debtor no longer has legal or equitable rights to the property beyond mere possession at the time of the bankruptcy filing.  *See e.g.*, *Butko v. Ciccozzi*, No. 2:21-CV-150-NR, 2021 WL 1608481, at *10 (W.D. Pa. Apr. 26, 2021) ("consistent with the weight of authority by the bankruptcy courts in this Circuit, the lack of any interest beyond possession took the Butkos outside the protections of the automatic stay.").

In this Court's estimation, the totality of the circumstances fully supports the Bankruptcy Court's decision to lift the automatic stay and permit the Trust to enforce its judgment for possession in state court.  *See In re Wilson*, 116 F.3d at 90.  To that end, Grayson has failed to establish any legal or equitable rights in the Property beyond his mere possession of same.  *See Butko*, 2021 WL 1608481, at *10.  Indeed, Grayson has never had legal title to the Property which remained with the Trust under the Installment Contract, and he admitted in the state court proceedings that the Trust was entitled to possession of the Property.  (Docket Nos. 1-2 at 32; 6 at 13).  The Superior Court of Pennsylvania also rejected his claim for unjust enrichment asserting that he had an equitable interest in the Property and held that while Grayson "'made a bad deal' in agreeing to the term that any monies paid would be non-refundable […] contracting parties are bound by their agreements, irrespective of whether they embody reasonable or good bargains."  *10 Zelt Street Trust, Will Sanders Trustee v. Grayson*, 281 A.3d 1037, 2022 WL 1763637, at *5 (Pa. Super. Ct. Jun. 1, 2022).  All told, the state court entered a prepetition

7

judgment of possession in favor of the Trust and struck the *Lis pendens* Grayson had filed against the property. (Docket No. 1-2 at 20).

Next, the Court finds that the Bankruptcy Court properly rejected Grayson's arguments that he retained an equitable interest in an executory contract under 11 U.S.C. § 365(a) which was not terminated in the state court proceedings and that he could assume it and cure his default under his Chapter 13 Bankruptcy Plan pursuant to 11 U.S.C. § 1322(b)(3). (Docket No. 1-2 at 54-58). This Court likewise agrees with the Bankruptcy Court's ultimate conclusion that Grayson's attempt to cure his default in this manner is barred by § 1322(c)(1) and the Third Circuit's holding in *In re Peralta*. (*Id.*).

To that end, Grayson suggests that the Installment Contract is an executory contract because he has a duty to pay the remaining balance and upon his payment, the Trust would have the obligation to deliver the deed. *See In re Columbia Gas Sys. Inc.*, 50 F.3d 233, 238 (3d Cir. 1995) (an executory contract is generally one where both parties have unfulfilled contractual duties). Yet, the Court of Appeals has held that an agreement is not an executory contract for purposes of § 365(a) if one of the parties has breached and the other party has only a conditional duty to perform, as is the case here. *See In re Weinstein Co. Holdings LLC*, 997 F.3d 497, 504 (3d Cir. 2021) (quoting *In re Columbia Gas Sys. Inc.*, 50 F.3d at 241) (recognizing a distinction "'between failure of a condition and a breach of a duty … [I]f the remaining obligations in the contract are mere conditions, not duties, then contract cannot be executory for purposes of § 365.'"); *see also Tri-Outdoor, Inc. v. Keyser*, No. 1309 EDA 2018, 2019 WL 1300647, at *3 (Pa. Super. Ct. Mar. 20, 2019) (quoting *Acme Markets, Inc. v. Federal Armored Exp., Inc.*, 648 A.2d 1218, 1220 (Pa. Super. 1994) ("A condition precedent is a condition 'that must occur before a

8

duty to perform under a contract arises'" and failure of a condition precedent provides the party with an excuse for non-performance)). Hence, even if the Installment Contract survived the state court litigation, it cannot be characterized as an executory contract because the Trust only had a conditional obligation to deliver the deed at the time Grayson filed for bankruptcy protection. *See id.* Of course, "filing for bankruptcy does not create new property rights or value where there previously were none." *In re Majestic Star Casino, LLC*, 716 F.3d 736, 751 (3d Cir. 2013).

Moving on, Grayson's position that he could cure his breach of the Installment Contract under § 1322(b)(3) by making monthly payments under this Chapter 13 Bankruptcy Plan fares no better because "[s]ubsection (c)(1) limits the broad sweep of subsections (b)(3) and (b)(5)." *In re Connors*, 497 F.3d 314, 318 (3d Cir. 2007) (emphasis added). The Court of Appeals discussed the limiting power of § 1322(c)(1) with respect to installment land contracts in Pennsylvania and held that debtors may use the provision to cure "installment contract breaches," but that the "entry of a judgment for possession shuts the § 1322(c)(1) window to cure defaults on installment contracts in Pennsylvania." *In re Peralta*, 48 F.4th at 181; *see also In re Pennington*, 644 B.R. 312, 317 (Bankr. W.D. Pa. 2022). As the Court of Appeals reasoned:

> [s]ection 1322 lets debtors cure defaults only until their homes are "sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law." 11 U.S.C. § 1322(c)(1). That provision does not map onto installment contracts well: unlike a defaulted mortgage, a breached installment contract never ends in a foreclosure sale. But that mismatch cannot mean that § 1322(c)(1) can cure a breached installment contract forever. Section 1322 lets homeowners cure their defaulted mortgages, but only before a foreclosure sale. It is not a get-out-of-jail-free card for all defaults at all times, and we will not read it to smuggle in large loopholes for unmentioned, non-mortgage defaults.

*In re Peralta*, 48 F.4th at 180 (citations omitted). Simply put, Grayson had a window of time

9

where he could have cured his default of the Installment Contract by filing for bankruptcy, but he was too late as the Trust closed the window by obtaining the judgment for possession in state court. *See id*. Finally, Grayson's attempts to distinguish *In re Peralta* are unpersuasive and the Third Circuit's precedential decision interpreting § 1322(c)(1) is binding authority which both this Court and the Bankruptcy Court are required to follow. *See e.g., Jakomas v. City of Pittsburgh*, 342 F. Supp. 3d 632, 647 (W.D. Pa. Oct. 24, 2018) (quoting *Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 456 (2015)) (District Court is bound by precedential decisions of the Third Circuit and "*stare decisis* carries enhanced force when a decision … interprets a statute.").

For all of these reasons and those more fully discussed in the Bankruptcy Court's well-reasoned Memorandum Order, the Court finds that the Bankruptcy Court did not abuse its discretion in lifting the automatic stay to permit the Trust to enforce its judgment for possession in state court. *See In re Myers*, 491 F.3d at 130 (appellate courts accord "wide latitude ... to the Bankruptcy Court to balance the equities when granting relief from the automatic stay."). The Bankruptcy Court likewise did not err in denying Grayson's motion to assume the contract and cure his default under the Bankruptcy Plan. *See In re SubMicron Sys. Corp.*, 432 F.3d at 454. As such, the Memorandum Order will be affirmed.

V.   CONCLUSION

Based on the foregoing, the May 11, 2023 Memorandum Order of the Bankruptcy Court is AFFIRMED. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated:  October 24, 2023

cc/ecf:  All counsel of record.
Hon. Carlota Bohm, U.S. Bankruptcy Judge